### THE U. S. EXPRESS CO. ET AL. v. HENDERSON, JUDGE.

1. **Witness**: REFUSAL TO PRODUCE BOOKS: CRIMINATION OF EMPLOYER: CONTEMPT. The agent of an express company and of a railroad company is not excused, by § 3647 of the Code, from obeying a subpœna of the grand jury, requiring him to produce certain books of the corporations, for the purpose of showing thereby that the corporations have been guilty of transporting intoxicating liquors contrary to law, on the

ground that the books would criminate his employers; and, for refusing to obey, the witness in this case was properly adjudged guilty of contempt.

### THURSDAY, JUNE 10.

*J. H. Blair* and *A. C. Daily*, for plaintiffs.

*A. J. Baker, Attorney-general*, for defendant.

ADAMS, CH. J.—This is an action in *certiorari*. The plaintiffs, the United States Express Company and Central Iowa Railway Company and A. W. Frazier, filed a petition for a writ of *certiorari* in this court, setting up that the defendant, H. C. HENDERSON, as judge of the district court of Hardin county, had exceeded his jurisdiction, in that he had adjudged the plaintiff Frazier guilty of contempt in refusing to produce certain books of the plaintiff corporations before the grand jury, as required by the subpœna; the object of calling for the books being to show that the plaintiff corporations had been guilty of a crime in transporting intoxicating liquor in violation of law. The plaintiff Frazier was the agent or employe of the plaintiff corporations, and refused to produce the books because they would criminate his employers, basing his right to so refuse upon section 3647 of the Code. The writ was issued as prayed for, and the district judge made a return thereto, showing substantially the facts as above set forth. The plaintiffs demurred to the answer, and the question presented is as to whether the plaintiffs were entitled to the writ. In our opinion, they were not.

We think that the court was right in adjudging Frazier to be in contempt. The only question raised is as to whether it was the privilege of the witness to refuse to produce the books under the section of the Code above cited. The section preceding the section cited, is as follows: "Section 3646. No witness is excused from answering a question upon the mere ground of civil liability." And the section cited is as

follows: "Section 3647.    But when the matter sought to be elicited would tend to render him criminally liable, or expose him to public ignominy, he is not compelled to answer any question, except as provided in the next section." If it had been claimed that the books called for tended to render the *witness* criminally liable, it may be that he could not properly be required to produce them.    But the claim is simply that they tended to render the witness' *employers* criminally liable.    The case, it seems to us, is not different from any other where a witness is asked to produce a book or paper of his employer.    If the book or paper is not within his control, that, of course, would be sufficient reason for not producing it.    But the refusal in this case is not based upon that ground.    It is based upon the identity of the witness with his employers.    But the fact the employers had taken on a corporate character did not identify with themselves an employe to any greater extent than any employe is identified with his employer.

In our opinion, the writ of *certiorari* should be

DISMISSED.